**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01387-CMA

GARY W. McGREGOR,

    Applicant,

v.

RICHARD SMELSER,

    Respondent.

---

**ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

---

The matter is before the Court on Applicant Gary W. McGregor's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed June 15, 2010. (Doc. # 3.) The Application has been briefed, *see* Response to Application (Doc. # 10)[1] and the Court finds that Mr. McGregor is not entitled to an evidentiary hearing on his claims, *see* 28 U.S.C. § 2243 ("An evidentiary hearing is not necessary when the facts essential to consideration of the already before the court."). For the reasons stated below, it is hereby

    ORDERED that the Application (Doc. # 3) is DENIED.

---

[1] Although Applicant did not file a reply or traverse to the Response, on January 3, 2011, Applicant filed a "Motion for Expeditious of Proceedings." In the Motion, Applicant acknowledges that Respondent submitted a Response to the Court. He also reiterates his claim that he is entitled to immediate release. Nothing in the Motion addresses the arguments set forth by Respondent in the Response.

## I. **BACKGROUND**

Applicant, a state prisoner, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Crowley County Correctional Facility. On March 6, 1986, he was sentenced to the DOC to serve a total of fifty-six years for offenses that occurred on April 23, 1985. (Answer, Ex. A.) Applicant's sentence includes: (1) two sixteen-year sentences for one count of attempted murder in second degree and one count of assault in the first degree to be served concurrently; (2) one twenty-four year sentence for one count of sexual assault in the first degree to be served consecutively to all other counts; and (3) one sixteen-year sentence for one count of aggravated robbery to be served consecutively to all other counts. (*Id.*)

Applicant submitted his § 2241 Application to the Court on June 9, 2010, challenging the execution of his sentence. (Application at 1-2.) He claims that because his sentences are consecutive the DOC construes his sentence as "one continuous sentence" for the purpose of determining and applying his earned time. (*Id.* at 3.) He further claims that under Colo. Rev. Stat. § 17-22.5-303(4) he is only required to serve fifty percent of his sentence minus earned time and that, because he has served over twenty-five years and has accumulated six years and five months of earned time, he is entitled to immediate release. (*Id.* at 2.)

The Court finds, and Respondent concedes, that the Application is timely under 28 U.S.C. § 2244(d). Respondent also concedes that Applicant has exhausted his state court remedies. Respondent argues, however, that the Application must be denied

because § 17-22.5-303(4) does not entitle anyone to an early discharge of sentence and Applicant's disagreement with the DOC's execution of his sentence concerns only the interpretation of Colorado state law.  The Court agrees with Respondent, for the reasons discussed below.

## II.  LEGAL STANDARD

### A.   APPLICANT'S STATUS

Applicant is proceeding *pro se*.  The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B.   STANDARD OF REVIEW

Federal habeas relief is available to Applicant only if he demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002).  The United States Supreme Court has stated that "[f]ederal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."  *Smith v. Phillips*, 455 U.S. 209, 221 (1982).  The Colorado Supreme Court's interpretation of Colorado law is binding on the federal habeas court,

unless that interpretation violates federal law. See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Bowser v. Boggs*, 20 F.3d 1060, 1064 (10th Cir. 1994).

### III. DISCUSSION

Applicant claims that he is entitled to immediate restoration of his liberty, or release. He contends that because he is serving one continuous sentence he was entitled to release three and one-half years ago (determined at the time he filed the action in June 2010) under § 17-22.5-303(4). Although not specifically stated by Applicant, it appears he is asserting that he has a liberty interest in his release under § 17-22.5-303(4).

A liberty interest may arise from the Constitution itself or it may arise from an expectation or interest created by state laws or policies. *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 480 (1995), or if the state action inevitably will affect the length of the prisoner's confinement, *id.* at 487.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Thus, if Applicant was deprived of a liberty interest, that interest must arise under state law. A federal court, however, is bound by the Colorado Supreme Court's construction of state law.

*Fultz v. Embry*, 158 F.3d 1101, 1103 (10th Cir. 1998) (citing *Mullaney*, 421 U.S. at 691). Only if the state court's construction of state law offends the United States Constitution is it a matter of plenary review. *Fultz*, 158 F.3d at 1103.

The statute that Applicant relies on for his asserted liberty interest, § 17-22.5-303(4), reads in part as follows:

> As to any person sentenced for a class 2, class 3, class 4, or class 5 felony committed on or after July 1, 1984, but before July 1, 1985, the division of adult parole shall either release an offender on his or her parole eligibility date, pursuant to the determination made by the state board of parole, or shall provide up to three years of parole for any offender who is determined by the state board of parole to present a high risk to the general population upon release from incarceration. For persons who are provided parole, the division of adult parole shall provide a period of up to three years of parole supervision and assistance in securing employment, housing, and such other services as may effect the successful reintegration of such offender into the community while recognizing the need for public safety. . . .

The Court finds nothing in this statute that establishes a liberty interest for Applicant and entitles him to an early discharge of his sentence with respect to his sentence for sexual assault. Furthermore, Colo. Rev. Stat. § 17-2-201(5)(a) (1989) provides in pertinent part:

> [A]s to any person sentenced for conviction of a sex offense, as defined in section 16-13-202(5), C.R.S., . . . the board has the sole power to grant or refuse to grant parole and to fix the condition thereof and has full discretion to set the duration of the term of parole granted, . . . .

The Tenth Circuit agreed with the Colorado Supreme Court's interpretation of § 17-2-201(5)(a) that the plain language of this statute dictates that any person sentenced for conviction of a sex offense is subject to discretionary parole. *See Lustgarden v. Gunter*,

966 F.2d 552, 554 (10th Cir. 1992).  As a result, the Tenth Circuit determined that because there are no ambiguities in the state court interpretation of Colorado's sex offender parole statutes the state court interpretation is controlling.  *See id.* at 553.

Applicant also fails to identify a statute or regulation that requires his sentence to be considered as one continuous sentence for the purpose of parole or release.  To the contrary, Respondent demonstrates a basis for finding Applicant's parole is not determined only under § 17-22.5-303(4).  *See People v. Santisteven*, 868 P.2d 415, 417 (Colo. App. 1993) (consecutive sentences that are subject to conflicting parole statutes are reconciled if possible); *Spoto v. Colo. State Dep't of Corr.*, 883 P.2d 11, 13-14 (Colo. 1994) (defendant was subject to two consecutive sentences and argued § 17-22.5-303(4) should apply for purposes of parole; Colorado Supreme Court held the "governing sentence" theory does not apply to consecutive sentences and mandatory and discretionary parole statutes are easily reconciled).  Furthermore, both *Spoto* and *Badger v. Suthers*, 985 P.2d 1042 (Colo. 1999), conclude that where there are consecutive sentences involving mandatory and discretionary parole statutes the inmate is not eligible for release on parole until completion of all required incarceration.

Also, in *Rather v. Suthers*, 973 P.2d 1264, 1267 (Colo. 1999), even though each offense was committed during the time period when mandatory parole was applied, because one of the offenses was a sex offense the defendant was not entitled to release until the sex offense sentence was completed.  Although the attempted murder, assault, and aggravated robbery offenses in Applicant's case entitles him to parole upon

completion of fifty percent of the sentence, minus presentence confinement credits, *see Thiret v. Kautzky*, 792 P.2d 801, 805 (1990), the sexual assault offense is subject to the discretionary parole provisions of Colo. Rev. Stat. § 17-2-201(5)(a), *see Aue v. Diesslin*, 798 P.2d 436, 438 (Colo. 1990).

Applicant's claim, therefore, lacks merit. He has failed to assert a violation of the United States constitution of federal law in the execution of his sentence. Based on Colorado state law, Applicant is not entitled to a mandatory parole with respect to his twenty-four year sentence for a sexual assault. In light of the state court's finding that a mandatory parole under § 17-22.5-303(4) can be reconciled with a discretionary parole under § 17-2-201(5)(a), the DOC has properly addressed the execution of Applicant's sentence. Under § 17-2-201(5)(a) the parole board has sole discretion to grant or deny parole prior to the conclusion of a sex offender's sentence. The state, therefore, has not granted sex offenders a right to early release, and as a result Applicant's constitutional rights have not been violated. *See Lustgarden*, 966 F.2d at 554-55.

## IV. CONCLUSION

Considering the entire record, the Court finds and concludes that Applicant is not entitled to habeas relief on this claim.

It is ORDERED that

1. Applicant Gary W. McGregor's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed June 15, 2010 (Doc. # 3) is DENIED;

2.	No certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c);

3.	This case is DISMISSED WITH PREJUDICE; and

4.	The Motion to expedite (Doc. # 12) is DENIED as moot.

DATED:  April  29 , 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge